IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

AUG 3 1 2004

CLERK

BUSTER JAMES MATTHEWS.

  Applicant,

v.            No. CIV-04-0704 JB/RHS

NEW MEXICO PENITENTIARY,

  Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte* for preliminary consideration of the Applicant's application for writ of habeas corpus under 28 U.S.C. § 2241. When the Applicant completed a term of imprisonment in New Mexico, Texas officials transferred him there for further criminal proceedings. The Applicant claims New Mexico and Texas officials violated his rights under the Interstate Agreement on Detainers, the Uniform Extradition Act, and the Due Process and Equal Protection Clauses. He also asserts that the violations resulted from ineffective assistance of counsel. For relief, he seeks release from confinement, reversal of his conviction, and damages.

This Court may not consider the Applicant's habeas corpus claims under § 2241. An applicant must file a § 2241 petition in the district of confinement. *See United States v. Scott*, 803 F.2d 1095, 1096 (10th Cir. 1986) (per curiam) ("A § 2241 petition for a writ of habeas corpus must be addressed to the federal district court in the district where the prisoner is confined."); *United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999) (holding that § 2241 petition "must be filed in the district where the petitioner is confined."); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). The Court will dismiss Applicant's habeas corpus claims under § 2241. *See Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring)

("[D]ismissal with prejudice . . . might not preclude the plaintiff from proceeding in [other] court, . . .").

The Applicant also seeks damages for the alleged violations of the detainer and extradition acts, and of the Constitution. His allegations may support claims under 42 U.S.C. § 1983. *See Burrows v. Cherokee County Sheriff's Office*, No. 01-3281, 2002 WL 432853, at **2 (10th Cir. Mar 19, 2002) (noting that detainer and extradition violations can support recovery on § 1983 claims). On the other hand, the application states that the alleged violations occurred in 1991. The Applicant's § 1983 claims are thus untimely and are barred by the applicable statute of limitations. The period of limitation for a § 1983 action is the state's personal injury statute. *See Garcia v. Wilson*, 731 F.2d 640, 651 (10th Cir. 1984), *aff'd sub nom. Wilson v. Garcia*, 471 U.S. 261, 280 (1985). *Cf. Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. ---, ---, 124 S.Ct. 1836, 1845 (2004) (holding that 4-year limitation period in 28 U.S.C. § 1658 applies to actions arising under legislation enacted after December 1, 1990). The limitation on personal injury actions in New Mexico is three years. *See* N.M. Stat. Ann. § 37-1-8 (Repl. Pamp. 1990). Furthermore, according to Exhibit 2 of the application, the Texas courts have ruled against the Applicant's detainer claims that arose in New Mexico. *Res judicata* bars these claims. The Court will dismiss the Application.

**IT IS THEREFORE ORDERED** that the Applicant's application for writ of habeas corpus under 28 U.S.C. § 2241, alternatively construed as a complaint under 42 U.S.C. § 1983, is DISMISSED with prejudice; all pending motions are DENIED as moot; and, in accordance with rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

2